[No. 21538-5-III.   Division Three.   February 17, 2004.]

THE STATE OF WASHINGTON, *Appellant,* v. JOSE ANGEL ORTEGA, SR., *Respondent.*

---

166

*Steven M. Lowe, Prosecuting Attorney,* and *Paige L. Sully, Deputy,* for appellant.

*James E. Egan,* for respondent.

SCHULTHEIS, J. — Jose Angel Ortega, Sr., pleaded guilty to one count of first degree child molestation of his granddaughter. The State unsuccessfully sought a sentence of life without the possibility of parole pursuant to the Persistent Offender Accountability Act (POAA).[1] On appeal, the State contends a prior Texas conviction for indecency with a child should have been counted as a first strike for the purposes of POAA. Mr. Ortega cross-appeals the imposition of an exceptional sentence.

The relevant underlying facts of the Texas conviction were not determined by a jury beyond a reasonable doubt. We therefore affirm the trial court's decision not to count that conviction as a first strike. Finding substantial evi-

---

[1] Former RCW 9.94A.120(4) (2000) was in effect until July 1, 2001; RCW 9.94A.570 became effective July 1, 2001.

dence to support numerous aggravating factors, we also affirm the exceptional sentence.

FACTS

In April 2002, a Franklin County prosecutor contacted the Pasco police and notified them that an attorney representing an anonymous person had dropped off a videotape at his office. The video showed Mr. Ortega, on several different occasions over a period of months, having sexual contact with his granddaughter as he taped the activity. During an interview at the county jail, Mr. Ortega admitted shooting the video and committing the acts over an approximate three-month period beginning in March 2001.

Mr. Ortega was charged by amended information with one count of first degree rape of a child (RCW 9A.44.073) committed on or about July 8, 2001, and one count of first degree child molestation (RCW 9A.44.083) committed on or about April 1 to July 31, 2001. Eventually he pleaded guilty to first degree child molestation and the first count was dismissed. In his statement on the plea of guilty he indicated that on the date charged he had sexual contact with a child under the age of 12 who was not his spouse, and that he was more than 36 months older than the child.

At sentencing, the presentence investigation revealed that Mr. Ortega had a 1991 conviction in Texas of indecency with a child in the second degree, a violation of Texas Penal Code § 21.11. Arguing that the Texas conviction was a felony sexual offense, the State asserted that the current offense was a second strike authorizing the trial court to impose a life sentence without the possibility of parole pursuant to RCW 9.94A.570. Mr. Ortega objected to admission of the Texas indictment, judgment, police records, and another document associated with the Texas conviction, arguing that some documents were not properly certified and none were properly attested. He also challenged statements in the presentence report and the testimony of a Texas official indicating that the victim of the Texas crime was 10 years old.

The trial court admitted the State's evidence and found by a preponderance of the evidence that there was a 1991 Texas conviction for second degree indecency with a child and that the Texas victim was 10 years old at the time of the offense. However, further finding that the victim's age had not been established beyond a reasonable doubt by the Texas jury, the court ruled that the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) prevented consideration of this fact in sentencing under POAA. Because under the Texas statute the victim could be any age below 17, and because the judgment did not specify the victim's age, the Texas conviction could qualify as a gross misdemeanor under Washington law, which would not count as a strike for the purposes of POAA. Consequently, the court declined to impose a persistent offender sentence.

After reviewing the incriminatory video and hearing the argument of counsel, the trial court imposed an exceptional sentence of 150 months. The court based the sentence on several aggravating factors: (1) deliberate cruelty; (2) vulnerability, because on some occasions the child was asleep; (3) abuse of a position of trust; (4) multiple incidents of sexual abuse over a prolonged period of time; and (5) domestic violence. On appeal, the State challenges the trial court's refusal to impose a life sentence without the possibility of parole pursuant to POAA. Mr. Ortega cross-appeals the exceptional sentence.

PERSISTENT OFFENDER STATUS

Pursuant to RCW 9.94A.570, a persistent offender must be sentenced to a term of total confinement without the possibility of release, community custody, earned early release time, furlough, home detention, or any kind of work release. Relevant to this case, a persistent offender is statutorily defined as an offender who has been convicted of:

> (i) . . . (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second

degree, rape of a child in the second degree, or indecent liberties by forcible compulsion; (B) murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree, with a finding of sexual motivation; or (C) an attempt to commit any crime listed in this subsection (31)(b)(i); and

(ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection or any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection.

Former RCW 9.94A.030(31)(b) (Laws of 2001, ch. 7, § 2) (effective July 22, 2001). The trial court concluded that the State failed to prove that Mr. Ortega had a prior conviction for an offense comparable to those listed in former RCW 9.94A.030(31)(b)(i).

■ We first address Mr. Ortega's contention that consideration of his 1991 Texas conviction is precluded by *State v. Delgado*, 148 Wn.2d 723, 726-27, 63 P.3d 792 (2003), which held that the qualifying prior convictions for POAA must strictly comply with the list of offenses found in former RCW 9.94A.030(27)(b)(i) (1998). This former statute did not contain the comparability language found in former RCW 9.94A.030(31)(b)(ii) of the amendment that was effective July 22, 2001. If Mr. Ortega's criminal acts had been confined to the period of time before July 22, his prior Texas conviction for indecency with a child could not have been counted because it was not on the list of qualifying offenses in former RCW 9.94A.030(31)(b)(i) (2000) (which was effective in 2001 before July 22). *Delgado*, 148 Wn.2d at 726-27. But the charging document and Mr. Ortega's statement on plea of guilty specified that his acts of molestation occurred between April 1 and July 31, 2001. Because some of his criminal acts occurred in the period from July 22 to around July 31, the July 22 amendment adding the comparability language authorizes the trial court to determine whether

the 1991 Texas conviction is comparable to any of the qualifying crimes in former RCW 9.94A.030(31)(b)(i) (2001).

Consequently, we next determine the standard of review. In general, the de novo standard is best applied when the appellate court stands in the same position as the trial court and may make a determination as a matter of law, while the abuse of discretion standard is applied when the trial court is in the best position to make a factual determination. *State v. Garza*, 150 Wn.2d 360, 366, 77 P.3d 347 (2003). In determining an offender score, the trial court determines whether prior convictions exist by a preponderance of the evidence and then establishes the offender score as a matter of law. *State v. McCorkle*, 88 Wn. App. 485, 492-93, 945 P.2d 736 (1997), *aff'd*, 137 Wn.2d 490, 973 P.2d 461 (1999). We review the trial court's factual determination for abuse of discretion, and its calculation of the offender score de novo. *Garza*, 150 Wn.2d at 366; *McCorkle*, 88 Wn. App. at 493. The trial court's decision whether to consider a prior conviction a first strike for the purposes of POAA is also reviewed de novo. *State v. Carpenter*, 117 Wn. App. 673, 679, 72 P.3d 784 (2003); *State v. Keller*, 98 Wn. App. 381, 383, 990 P.2d 423 (1999), *aff'd*, 143 Wn.2d 267, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002).

The State contends the trial court erred as a matter of law in applying the rule in *Apprendi* to the trial court's comparison of foreign crimes to Washington crimes for the purposes of POAA. *Apprendi*, 530 U.S. at 490, holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Life without possibility of parole is a penalty beyond the statutory maximum of life for first degree child molestation. Former RCW 9A.20.021-(1)(a) (1982); RCW 9A.44.083. Consequently, if *Apprendi* applies to the determination of the underlying facts of a prior conviction, any facts relating to the Texas conviction that could have been used by the trial court to compare the

Texas crime with Washington crimes must have been determined by the Texas jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *State v. Wheeler*, 145 Wn.2d 116, 123-24, 34 P.3d 799 (2001).

Washington courts applying *Apprendi* have held that the existence and constitutionality of a prior conviction need not be determined by a jury beyond a reasonable doubt. *See, e.g., State v. Smith*, 150 Wn.2d 135, 141-43, 75 P.3d 934 (2003); *Wheeler*, 145 Wn.2d at 121. To establish a defendant's criminal history, a sentencing hearing is held wherein the court decides by a preponderance of the evidence if the prior convictions exist. *Wheeler*, 145 Wn.2d at 121. No further safeguards are needed because " '[a] certified copy of a judgment and sentence is highly reliable evidence.' " *Smith*, 150 Wn.2d at 143 (quoting *State v. Thorne*, 129 Wn.2d 736, 783, 921 P.2d 514 (1996)).

No such safeguards exist, however, for the underlying facts of a prior conviction that are not specified in the indictment, judgment, jury instructions, or verdict. When the jury is not charged with the duty to determine that certain facts exist beyond a reasonable doubt, those facts cannot be used to increase the penalty for the related crime beyond the statutory maximum. *Apprendi*, 530 U.S. at 490. Following the same reasoning, we conclude underlying facts that were not found by the trier of fact beyond a reasonable doubt may not be used to increase the penalty of a subsequent conviction beyond the statutory maximum.

The Texas law relevant to the 1991 conviction provided:

(a) A person commits [indecency with a child] if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; . . .

. . . .

(c) It is an affirmative defense to prosecution under this section that the actor:

(1) was not more than two years older than the victim and of the opposite sex.

Former TEX. PENAL CODE ANN. § 21.11 (Vernon 1987). In Washington, the elements of first degree child molestation include sexual contact with a child less than 12 years old, not married to the perpetrator, and the perpetrator is at least 36 months older. RCW 9A.44.083. If the age of the child victim in Texas is unknown other than she was less than 17, it is impossible to know whether first degree child molestation—the only qualifying crime in former RCW 9.94A.030(31)(b)(i) that is pertinent here—is comparable.

When a foreign criminal statute is broader than Washington's, the court may look at the defendant's conduct—evidenced by the indictment or information—to determine the comparable Washington statute. *State v. Mutch*, 87 Wn. App. 433, 437, 942 P.2d 1018 (1997). A certified copy of the judgment is the best evidence of a prior conviction, but other documents of record may be introduced to establish the criminal history. *McCorkle*, 88 Wn. App. at 493.

Here, the certified copies of the Texas grand jury indictment and judgment are not helpful. The indictment states that Mr. Ortega was charged with touching the breast, genitals, and anus of a named child who was younger than 17. Neither the judgment nor the motion and order for early termination of probation provide details of the offense.

To prove that the victim of the Texas offense was under the age of 12, the State offered the testimony of Stanley Gonzales, the director of administrative services of Hidalgo County, Texas. Mr. Gonzales identified the Texas documents and testified that, based on his review of police files introduced as exhibit 5, he knew the victim was 10 years old. Mr. Ortega objected to this testimony and to admission of all exhibits pertaining to the Texas offense. The only other evidence of the Texas victim's age came from Mr. Ortega, who submitted letters from the Texas victim and her mother for sentencing purposes. Both letters urge the court to provide Mr. Ortega with counseling. Additionally,

however, the letters specifically state that the victim, Mr. Ortega's niece, was 10 years old when the offense occurred.[2]

Even if the evidence provided by the State is adequate to support the trial court's conclusion that Mr. Ortega had a prior Texas conviction for indecency with a child (a preponderance of the evidence), it is insufficient to show that the Texas victim was under 12 years old beyond a reasonable doubt. Applying *Apprendi*, the trial court refused to consider the evidence of the victim's age. Consequently, the court found that the Texas crime as charged was not clearly comparable to first degree child molestation, and did not count it as a first strike for the purposes of POAA. We conclude that *Apprendi* prohibits a sentencing court's consideration of the underlying facts of a prior conviction if those facts were not found by the trier of fact beyond a reasonable doubt. Accordingly, we affirm as a matter of law the trial court's decision not to sentence Mr. Ortega as a persistent offender.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

BROWN, C.J., and SWEENEY, J., concur.

---

[2] Presumably, Mr. Ortega's purpose in submitting the letters was to support his bid for a Special Sex Offender Sentencing Alternative involving sexual counseling. The letters do not appear to qualify as admissions or acknowledgements, especially since they were not sworn testimony and were not offered for the purpose of illuminating the underlying facts of the Texas conviction.