[No. 75340-7.   En Banc.]
Argued November 9, 2004.    Decided May 5, 2005.

*In the Matter of the Personal Restraint of* LEONARD B. LAVERY, *Petitioner.*

*Suzanne L. Elliott*, for petitioner.

*Norm Maleng, Prosecuting Attorney for King County*, and *Catherine M. McDowall* and *Ann M. Summers, Deputies*, for respondent.

*Sheryl G. McCloud, James E. Lobsenz,* and *Rita J. Griffith* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

¶1 CHAMBERS, J. — Leonard B. Lavery was convicted of second degree robbery in 1998 and sentenced to life in prison under the Persistent Offender Accountability Act (POAA), former RCW 9.94A.120 (1998). At issue is whether Lavery's 1991 federal bank robbery conviction was a "strike" under the POAA. We conclude that it was not and that Lavery's personal restraint petition (PRP) is not barred either as untimely or successive.

## STATEMENT OF THE CASE

¶2 On July 20, 1998, Lavery was convicted for the May 1998 robbery of a Texaco convenience store in Woodinville, Washington. At sentencing, the State asserted that he was a persistent offender subject to life in prison under the POAA. The State argued that Lavery's 1991 federal bank robbery conviction was comparable to the crime of second degree robbery in Washington, a "strike" offense under the POAA. Under the POAA, an out of state conviction may not be used as a strike unless the State proves by a preponderance of the evidence that the conviction would be a strike offense under the POAA. *State v. Ford,* 137 Wn.2d 472, 479-80, 973 P.2d 452 (1999). To determine whether a prior out of state or federal conviction is comparable to a Washington conviction, the sentencing court must compare the out of state or federal offense with the potentially comparable Washington offenses.

¶3 At sentencing, Lavery argued that his federal bank robbery conviction was not comparable to Washington's

second degree robbery, a strike offense under the POAA, because robbery in Washington, unlike under federal law, requires a specific intent to steal. Believing that the Court of Appeals decision in *State v. Mutch*, 87 Wn. App. 433, 942 P.2d 1018 (1997), controlled, the sentencing court found that Lavery's bank robbery conviction constituted a strike offense and sentenced him as a persistent offender to life in prison without the possibility of parole. Lavery appealed.

¶4 At the Court of Appeals, Lavery again argued that the federal conviction under 18 U.S.C. § 2113 was not a strike under Washington law. The court affirmed Lavery's conviction and sentence in an unpublished opinion, holding that under the POAA, as interpreted in *Mutch*, federal bank robbery and robbery under Washington law are legally comparable. *State v. Lavery*, 100 Wn. App. 1068, 2000 WL 703790, 2000 Wash. App. LEXIS 3038.

¶5 Lavery unsuccessfully filed a petition for review in this court, which was dismissed on October 31, 2000. *State v. Lavery*, 142 Wn.2d 1005, 11 P.3d 827 (2000). Lavery then filed a PRP in the Court of Appeals, which was dismissed on February 14, 2002.

¶6 Lavery's position at sentencing, on direct appeal, and in his first PRP was vindicated when, on February 19, 2004, the Court of Appeals issued its opinion in *State v. Freeburg*, 120 Wn. App. 192, 84 P.3d 292, *review denied* 152 Wn.2d 1022 (2004). In *Freeburg*, the Court of Appeals held that on the basis of two recent cases, *State v. Bunting*, 115 Wn. App. 135, 61 P.3d 375 (2003) and *Carter v. United States*, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000), federal bank robbery is not legally comparable to the crime of robbery in Washington. In April 2004, Lavery filed this second PRP directly in this court, claiming that the *Freeburg* decision represented a "significant change in the law." We accepted review and now vacate his sentence.

## DISCUSSION

¶7 Given recent developments in the law, the State concedes "that the record as it currently exists is insuffi-

cient to demonstrate the comparability of [Lavery's] federal conviction." State's Resp. to Pers. Restraint Pet. at 12. The State also conceded at oral argument in *Freeburg* that "federal bank robbery is not comparable to the crime of robbery in Washington." *Freeburg,* 120 Wn. App. at 199 n.16. The State argues, however, that while the sentences are not comparable on their faces, a sentencing court acts properly if it looks to the record of the prior conviction to determine if defendant's conduct would have constituted a strike offense as defined in a Washington criminal statute. Under this approach, a sentencing court may be required to make findings of fact that need not have been found to convict the defendant in the prior conviction.

¶8 Lavery argues that the POAA is unconstitutional to the extent that it permits a sentencing judge to make findings about the underlying facts of a prior conviction based on a preponderance of the evidence. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He notes that the maximum sentence for second degree robbery is 84 months and if additional facts will change his punishment to life in prison without the possibility of parole, a finder of fact must determine those facts beyond a reasonable doubt. *Id.*

## Is Federal Bank Robbery a "Strike" Offense?

¶9 We first address whether Lavery's federal conviction was properly included as a strike offense under the POAA. An offender who has been convicted of two strike offenses must be sentenced to life without parole upon conviction for a third such offense. Former RCW 9.94A.120(4) (1998). Second degree robbery is a strike offense for purposes of the POAA. Former RCW 9.94A.030(23)(o) (1998). Foreign convictions count as strikes if they are comparable to a Washington strike offense. Former RCW 9.94A.030(23)(u) (1998). Defendants with equivalent prior convictions are to be treated the same way, regardless of where their convictions occurred. *State v. Villegas,* 72 Wn. App. 34, 38-39, 863 P.2d 560 (1993).

¶10 In determining whether foreign convictions are comparable to Washington strike offenses, we have devised a two part test for comparability. *State v. Morley*, 134 Wn.2d 588, 952 P.2d 167 (1998). In *Morley*, we determined that for the purposes of determining the comparability of crimes, the court must first compare the elements of the crimes. *Morley*, 134 Wn.2d at 605-06. In cases in which the elements of the Washington crime and the foreign crime are not substantially similar, we have held that the sentencing court may look at the defendant's conduct, as evidenced by the indictment or information, to determine if the conduct itself would have violated a comparable Washington statute. *Morley*, 134 Wn.2d at 606. However, "[w]hile it may be necessary to look into the record of a foreign conviction to determine its comparability to a Washington offense, the elements of the charged crime must remain the cornerstone of the comparison. Facts or allegations contained in the record, if not directly related to the elements of the charged crime, may not have been sufficiently proven in the trial." *Id.*

LEGAL COMPARABILITY

¶11 To determine if a foreign crime is comparable to a Washington offense, the sentencing court must first look to the elements of the crime. *Morley*, 134 Wn.2d at 605-06. More specifically, the elements of the out of state crime must be compared to the elements of a Washington criminal statute in effect when the foreign crime was committed. *Id.* at 606. If the elements of the foreign conviction are comparable to the elements of a Washington strike offense on their face, the foreign crime counts toward the offender score as if it were the comparable Washington offense. *Id.*

¶12 The crime of federal bank robbery is a general intent crime. *Carter*, 530 U.S. 255. The crime of second degree robbery in Washington, however, requires specific intent to steal as an essential, nonstatutory element. *See State v. Kjorsvik*, 117 Wn.2d 93, 98, 812 P.2d 86 (1991) ("our settled

case law is clear that 'intent to steal' *is* an essential element of the crime of robbery.") (citing *State v. Hicks*, 102 Wn.2d 182, 184, 683 P.2d 186 (1984)). Its definition is therefore narrower than the federal crime's definition. Thus, a person could be convicted of federal bank robbery without having been guilty of second degree robbery in Washington. Among the defenses that have been recognized by Washington courts in robbery cases which may not be available to a general intent crime are (1) intoxication, *see State v. Boyd*, 21 Wn. App. 465, 586 P.2d 878 (1978); (2) diminished capacity, *see State v. Thamert*, 45 Wn. App. 143, 723 P.2d 1204 (1986); (3) duress, *see State v. Davis*, 27 Wn. App. 498, 618 P.2d 1034 (1980); (4) insanity, *see State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970), *vacated in part on other grounds*, 408 U.S. 937 (1972); and (5) claim of right, *see Hicks*, 102 Wn.2d 182. Because the elements of federal bank robbery and robbery under Washington's criminal statutes are not substantially similar, we conclude that federal bank robbery and second degree robbery in Washington are not legally comparable.

FACTUAL COMPARABILITY

¶13  In *Apprendi*, the United States Supreme Court held that *except for a prior conviction*, a "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Life without possibility of parole is a penalty beyond the statutory maximum for the crime of second degree robbery.

¶14  In applying *Apprendi*, we have held that the existence of a prior conviction need not be presented to a jury and proved beyond a reasonable doubt. *See State v. Smith*, 150 Wn.2d 135, 141-43, 75 P.3d 934 (2003); *accord Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). All a sentencing court needs to do is find that the prior conviction exists. *State v. Wheeler*, 145 Wn.2d 116, 121, 34 P.3d 799 (2001). No

additional safeguards are required because a certified copy of a prior judgment and sentence is highly reliable evidence. *Smith*, 150 Wn.2d at 143. While this is also true of foreign crimes that are identical on their face, it is not true for foreign crimes that are *not* facially identical. In essence, such crimes are *different* crimes.

¶15 The State asks us to remand this case to the sentencing court so that it may examine the underlying facts of Lavery's federal robbery conviction to determine if his 1991 offense was factually comparable to Washington's second degree robbery. Where the foreign statute is broader than Washington's, that examination may not be possible because there may have been no incentive for the accused to have attempted to prove that he did not commit the narrower offense. *See, e.g., State v. Ortega*, 120 Wn. App. 165, 84 P.3d 935 (2004).

¶16 In *Ortega*, Jose Ortega pleaded guilty to first degree child molestation. *Ortega*, 120 Wn. App. at 168. The State sought to have him sentenced to life in prison without the possibility of parole under the POAA. *Id.* To do so, the sentencing judge would have had to conclude that a 1991 Texas conviction for indecency with a child in the second degree was comparable to a Washington strike offense. *Id.* at 169. The most similar crime in Washington required the child to be (1) under the age of 12, (2) not the defendant's spouse, and (3) more than 36 months younger than the perpetrator. *Id.* at 168. However, the Texas statute criminalized contact with children under the age of 17. *Id.* at 172. Ortega had not admitted or stipulated to the age of the child in Texas. *Id.* Further, even if the child in the Texas case had claimed to be 11, Ortega would have had no incentive to challenge and prove that the child was actually 12 at the time of the contact. The critical fact in the Texas proceeding was that the child was under 17. Ortega would have been just as guilty of the Texas crime if the child had been 12, 13, or even 16, and therefore, had no reason to contest the child's actual age.

¶17 Any attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond a reasonable doubt in the foreign conviction, proves problematic. Where the statutory elements of a foreign conviction are broader than those under a similar Washington statute, the foreign conviction cannot truly be said to be comparable.

¶18 As in *Ortega*, Lavery had no motivation in the earlier conviction to pursue defenses that would have been available to him under Washington's robbery statute but were unavailable in the federal prosecution. Furthermore, Lavery neither admitted nor stipulated to facts which established specific intent in the federal prosecution, and specific intent was not proved beyond a reasonable doubt in the 1991 federal robbery conviction. We conclude that Lavery's 1991 foreign robbery conviction is neither factually nor legally comparable to Washington's second degree robbery and therefore not a strike under the POAA.

SIGNIFICANT CHANGE IN THE LAW

¶19 Because this is not Lavery's first PRP, and was filed more than one year after his conviction and sentence was final, Lavery must first show that his PRP is not time-barred or barred as successive. *See* RCW 10.73.090; RAP 16.3-16.15. Since the applicable exception to both the time bar and bar against successive petitions hinges on whether *Freeburg* represents a change in the law, we address that question.

¶20 "[W]here an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a 'significant change in the law . . . .' " *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000). "One test to determine whether an [intervening case] represents a significant change in the law is whether the defendant could have argued this issue before publica-

tion of the decision." *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 264, 36 P.3d 1005 (2001).

¶21 The argument that federal bank robbery and robbery in Washington are not comparable was not meaningfully available to Lavery before *Freeburg*. *Freeburg* changed the comparability analysis for robbery. In *Mutch*, the defendant's federal bank robbery indictment had charged him with entering a bank and taking money from a teller using " 'force, violence, and intimidation.' " *Mutch*, 87 Wn. App. at 438. The *Mutch* court determined that despite the fact that the "use of force" requirement under the federal statute was broader than under the state statute, the language in the indictment was sufficient to meet the definition of the more narrow state statute. *Id.* at 437. Because the federal indictment in Lavery's case contained nearly identical language, the Court of Appeals reasoned that *Mutch* controlled the comparability of the crimes *as a matter of law*. Thus, until *Freeburg* synthesized both *Bunting* and *Carter* and declared that the crimes are not necessarily comparable, the rule in Washington was that federal bank robbery and second degree robbery were comparable as a matter of law.

¶22 The *Mutch* court engaged in the comparability analysis endorsed by this court in *Morley*, 134 Wn.2d 588. The *Mutch* court, however, blurred the distinction between legal and factual comparability by ostensibly holding that where an indictment for federal bank robbery contains language similar to the language of which the *Mutch* court approved, the inquiry into comparability should cease. *Morley* stood for no such proposition. The legal and factual determinations are to be done separately. It is clear on their faces that federal bank robbery and robbery under Washington law are not legally comparable, and this was not confirmed until *Freeburg* effectively overruled *Mutch* in this regard.

¶23 In *Carter*, the United States Supreme Court upheld a defendant's conviction for federal bank robbery under 18 U.S.C. § 2113(a) by holding that the statute required only proof of general intent with respect to the actus reus of the

crime. The Court rejected the defendant's assertion that the statute required him to have the specific intent to steal. *Carter*, 530 U.S. at 268.

¶24 In *Bunting*, a defendant was being sentenced under the POAA. One of his prior strike offenses was a conviction for robbery in Illinois. The court noted that while the allegedly comparable Washington crime, second degree robbery, required the nonstatutory element of "intent to steal," the Illinois crime had only a general intent requirement. The *Bunting* court held that the crimes were not legally comparable. *Bunting*, 115 Wn. App. at 141.

¶25 In *Freeburg*, Scott Freeburg was sentenced to life in prison without the possibility of parole under the POAA. *Freeburg*, 120 Wn. App. at 194. At sentencing, the sentencing court found that a prior federal bank robbery conviction was comparable to second degree robbery and was a strike under the POAA. *Id.* at 197. After examining *Carter* and *Bunting*, the Court of Appeals correctly concluded that the elements of the two crimes were not legally comparable and ordered Freeburg to be resentenced. *Id.* at 194.

¶26 Because *Freeburg* effectively corrected the error of the *Mutch* analysis, it represents a material change in the law. The *Freeburg* court disposed of the defendant's claim in precisely the same fashion advocated by Lavery in his direct appeal. Before *Freeburg*, however, that argument was unavailable to Lavery as it had been foreclosed by *Mutch*. Thus, *Freeburg* represents a significant change in the law. Under *Freeburg*, Lavery's federal bank robbery conviction was not necessarily a strike offense and he, therefore, may not have been properly sentenced to life in prison without parole.

¶27 Generally, a PRP filed more than one year after judgment and sentence are final is barred. RCW 10-.73.090(1). In cases in which there has been a "significant change in the law" that is "material" to the conviction and sentence, however, the one year time limit does not apply. RCW 10.73.100(6). Because *Freeburg* represents a signifi-

cant change in the law that was material to Lavery's sentence, we hold that his PRP is not time barred.

¶28 The State asserts that this petition is barred as successive. "The prohibition on successive PRPs found in RCW 10.73.140 limits the jurisdiction of the Court of Appeals but does not limit this court's jurisdiction." *Stoudmire*, 145 Wn.2d at 262-63 (footnote omitted) (citing *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 565, 933 P.2d 1019 (1997)). RAP 16.4(d), however, bars consideration of a second petition requesting "similar relief" unless the petitioner can show good cause. *Stoudmire*, 145 Wn.2d at 263. This bar includes PRPs. *In re Pers. Restraint of Becker*, 143 Wn.2d 491, 496, 20 P.3d 409 (2001). "Good cause" is shown where the petitioner demonstrates that a material intervening change in the law has occurred. *In re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990).

¶29 Because we find that *Freeburg* represents a material intervening change in the law, we hold that Lavery has shown good cause and that his PRP is not barred as successive.

APPOINTMENT OF COUNSEL

¶30 Lavery also moves for an order allowing him to pursue this petition at public expense. While we compliment Lavery's counsel, Suzanne Elliot, for her efforts in this case, the motion for appointment of counsel at public expense is denied.

## CONCLUSION

¶31 Lavery's sentence under the POAA was predicated on his federal conviction for bank robbery. Because the federal crime does not require the element of "specific intent to steal," it is broader than second degree robbery in Washington and, therefore, not legally comparable. Additionally, the crimes are not factually comparable since the

record of the 1991 federal conviction does not establish that Lavery admitted or stipulated to having the specific intent to steal, nor was it proved that he possessed such an intent. Since the crimes are not legally or factually comparable to a "strike" offense under the POAA, the federal bank robbery conviction was erroneously counted as a "strike" against Lavery for sentencing purposes.

¶32 We vacate Lavery's sentence and order that he be resentenced for the crime of second degree robbery.

ALEXANDER, C.J.; C. JOHNSON, MADSEN, SANDERS, BRIDGE, OWENS, and FAIRHURST, JJ.; and IRELAND, J. Pro Tem., concur.