FILED
COURT OF APPEALS
DIVISION II

2013 OCT 29 AM 9: 48

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43525-0-II |
| Respondent, | |
| v. | |
| JEREMY PUTNAM BAKKE, aka JEREMY PUTNAM JORDAN, | Consolidated With |
| Appellant. | |
| In the Matter of the Personal Restraint Petition of: | No. 43791-1-II |
| JEREMY PUTNAM BAKKE, aka JEREMY PUTNAM JORDAN, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, C.J. — Jeremy Bakke pleaded guilty to attempted second degree burglary.

He appeals his sentence, asserting that the trial court miscalculated his offender score.

Specifically, Bakke argues that the trial court miscalculated his offender score by (1) counting a

1995 custodial assault conviction that Bakke claims had been vacated, and (2) counting multiple

class C felonies that had washed out.[1] In a pro se statement of additional grounds (SAG), Bakke

asserts that the trial court erred by (3) miscalculating his offender score by counting his juvenile

---

[1] Bakke also asserts that the trial court miscalculated his offender score by counting a 2001 Oregon conviction that he claims is not comparable to a Washington offense. This assertion is meritless as the trial court excluded the Oregon conviction from its offender score calculation. Accordingly, we do not further address the issue in this opinion.

offenses, (4) failing to treat three of his prior offenses as the same criminal conduct, (5) committing evidentiary errors at sentencing, and (6) failing to impose a drug offender sentencing alternative (DOSA)[2] sentence. In a separate personal restraint petition (PRP), which we have consolidated with his direct appeal, Bakke asserts some of the same claims raised in his SAG.[3] Because the trial court correctly calculated Bakke's offender score and committed no other sentencing error, we affirm his sentence and deny his petition.

## FACTS

On January 6, 2011, the State charged Bakke with second degree burglary and third degree theft based on an incident at a Vancouver, Washington tire store. Bakke later pleaded guilty to the State's amended charge of attempted second degree burglary. At sentencing, the State asserted that Bakke's offender score was 14.5 points with a standard range sentence of 38.25 to 51 months of incarceration. Bakke did not contest his criminal history, but he argued that several of his prior offenses should not be included in his offender score calculation. The trial court agreed with Bakke that his 1990 juvenile conviction for attempted indecent liberties and his 2001 Oregon conviction for unauthorized use of a motor vehicle should not count toward his offender score. The trial court rejected Bakke's remaining arguments, calculated his offender score at 13, and sentenced him to 38.25 months of incarceration, the bottom of the standard range. Bakke filed a timely notice of appeal.

---

[2] RCW 9.94A.660.

[3] Bakke filed a motion to modify his judgment and sentence in the trial court, which transferred his motion under CrR 7.8(c) to us to be considered as a personal restraint petition.

2

Bakke later filed a CrR 7.8 motion to modify or correct his judgment and sentence, asserting that the trial court had erred in calculating his offender score. The trial court transferred his motion to this court to be considered as a personal restraint petition. Order Transferring Motion to Modify or Correct Judgment and Sentence Pursuant to CrR 7.8 to Court of Appeals, at 3-4, *State v. Bakke*, No. 11-1-00015-0 (Clark County Super. Ct. Wash. Aug 7, 2012). We have consolidated Bakke's petition with his direct appeal.

## ANALYSIS

### I. DIRECT APPEAL

A.      *1995 Custodial Assault Conviction*

Bakke first asserts that the trial court miscalculated his offender score by counting his 1995 custodial assault conviction. We disagree.

Former RCW 9.94A.525 (2010) governed the sentencing court's calculation of Bakke's offender score and provided in relevant part:

> (7) If the present conviction is for a nonviolent offense and not covered by subsection (11), (12), or (13) of this section, count one point for each adult prior felony conviction and one point for each juvenile prior violent felony conviction and ½ point for each prior juvenile nonviolent felony conviction.
> . . . .
> (16) If the present conviction is for Burglary 2 or residential burglary, count priors as in subsection (7) of this section; however, count two points for each adult and juvenile prior Burglary 1 conviction, two points for each adult prior Burglary 2 or residential burglary conviction, and one point for each juvenile prior Burglary 2 or residential burglary conviction.

The State must prove by a preponderance of the evidence the existence of the defendant's prior convictions. *State v. Allen*, 150 Wn. App. 300, 314-15, 207 P.3d 483 (2009). Certified copies of the defendant's prior judgment and sentences are the best evidence by which the State

may meet this burden. *Allen*, 150 Wn. App. at 315. When calculating an offender score, the trial

court must determine whether the defendant's prior convictions exist by a preponderance of the

evidence and then establish the defendant's offender score as a matter of law. *State v. Ortega*,

120 Wn. App. 165, 171, 84 P.3d 935 (2004). We review the trial court's factual determination

for an abuse of discretion and review the trial court's offender score calculation de novo.

*Ortega*, 120 Wn. App. at 171.

At sentencing, the State presented the trial court with a certified copy of Bakke's 1995

custodial assault judgment and sentence. Bakke did not contest the existence of his 1995

custodial assault conviction but instead argued:

> I got a custodial assault in 1995. I did all my obligations, paid my fine off. They
> sent me a declaration of recidivism, whatever. A thing in the mail that showed I
> got my civil rights back. And it says that they can't use that in RCW against the
> offender score in later period. So a vacation of a conviction.

Report of Proceedings (RP) at 24. In response, the State asserted that its certified copy of

Bakke's judgment and sentence proved the existence of his 1995 custodial assault conviction and

that there was "no indication in the record that [Bakke's] custodial assault conviction ha[d] in

some way been expunged." RP at 25.

Bakke contends that the State failed to prove that his 1995 custodial assault conviction

counted toward his offender score calculation because it failed to rebut his assertion that the

conviction had been vacated under RCW 9.94A.640. But Bakke presented no evidence in

support of his assertion that his custodial assault conviction had been vacated under RCW

9.94A.640 and, thus, there was no evidence before the sentencing court that the State could

rebut. Moreover, RCW 9.94A.640(2) states, "An offender may not have the record of conviction

4

cleared if . . . the offense was a crime against persons as defined in RCW 43.43.830." And RCW 43.43.830(7) provides that custodial assault is a crime against persons. Accordingly, Bakke's custodial assault conviction could not have been vacated under RCW 9.94.640.

The sentencing court was presented with a certified copy of Bakke's 1995 custodial assault judgment and sentence, which it had to weigh against Bakke's unsupported assertion that his conviction had been vacated under an inapplicable statute. Thus, we hold that the sentencing court did not abuse its discretion in finding that the State met its burden to prove the existence of the custodial assault conviction by a preponderance of the evidence. Accordingly, the trial court properly included Bakke's 1995 custodial assault conviction in its calculation of his offender score.

B.    *Prior Class C Felonies*

Bakke also contends that the trial court miscalculated his offender score by counting his 2001 second degree theft conviction as well as other class C felonies that he had committed before 2001, asserting that those convictions should have washed out under former RCW 9.94A.525. Former RCW 9.94A.525(2)(c) stated:

> Except as provided in (e) of this subsection, class C felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

Bakke committed second degree theft on July 8, 2001, and he committed the crime of failure to register as a sex offender on June 7, 2006. In order for his 2001 second degree theft conviction to have washed out under former RCW 9.94A.525(2)(c), Bakke would have had to

have spent five crime-free years in the community after being released from confinement for that conviction. Bakke does not claim that five years passed between his release from incarceration on his 2001 second degree theft conviction and June 7, 2006; instead he claims that the State was required to prove a specific date upon which he failed to register as a sex offender because the charging period for the crime spanned from June 7, 2006, until September 1, 2008. This claim has no merit as the charging period for Bakke's failure to register offense showed a continuing course of conduct. *See, e.g.*, *State v. Green*, 156 Wn. App. 96, 101, 230 P.3d 654 (2010) (statute requiring a convicted sex offender to register, RCW 9A.44.130, indicates that the unit of prosecution is an ongoing course of conduct).

The evidence before the sentencing court proved that Bakke began the commission of his failure to register as a sex offender crime on June 7, 2006, less than five years after he was released from incarceration on his 2001 second degree theft conviction.[4] Accordingly, Bakke's 2001 second degree theft conviction did not wash out under former RCW 9.94A.525(2)(c), and the trial court properly included the conviction in its offender score calculation. Bakke's argument regarding his other prior class C felonies washing out all rest on his assertion that his

---

[4] At sentencing, the trial court noted that Bakke was released from incarceration on his 2001 second degree theft conviction in February 2002. Bakke responded that the "date on that's wrong," but it is unclear whether he was referring to the date of his release from his 2001 second degree theft conviction or the date that he committed failure to register as a sex offender. *See* RP at 21. Even assuming that Bakke had contested the date of release from his 2001 second degree theft conviction, he could not have availed himself of the wash out provisions of RCW 9.94A.525(2)(c) because fewer than five years had passed between the date he committed second degree theft (July 8, 2001) and the date he began committing the crime of failure to register as a sex offender (June 7, 2006). Thus, five years could not have passed between the date Bakke was released from incarceration on his 2001 second degree theft conviction and the date he committed failure to register as a sex offender.

2001 second degree theft conviction had washed out. Because we hold that Bakke's 2001 second degree theft conviction did not wash out, we do not further address this issue.

## II. SAG ISSUES

A.    *Juvenile Offenses*

In his SAG, Bakke first contends that the trial court miscalculated his offender score by counting juvenile offenses that he had committed before the age of 15. In support of his contention, Bakke cites to a former version of the Sentencing Reform Act of 1981 (SRA), which provided that certain juvenile offenses committed before the age of 15 were not to be included in an offender score calculation. *See* Former RCW 9.94A.360(4) (1995).[5] However, in determining Bakke's offender score, the sentencing court was required to apply the version of the SRA in effect when Bakke committed attempted second degree burglary, the crime for which he was being sentenced. *State v. Varga*, 151 Wn.2d 179, 191, 86 P.3d 139 (2004); *In re Pers. Restraint of Jones*, 121 Wn. App. 859, 869-70, 88 P.3d 424 (2004). Under former RCW 9.94A.525 (2010), the version of the SRA in effect when Bakke committed his attempted second degree burglary, there was no provision excluding from the sentencing court's offender score calculation juvenile offenses committed before the age of 15. Accordingly, the trial court did not err by counting Bakke's juvenile offenses when calculating his offender score.

Bakke also asserts that juvenile offenses cannot be used in determining an offender score because juvenile offenses result in adjudications of guilt rather than convictions. This argument

---

[5] Former RCW 9.94A.360, *recodified as* RCW 9.94A.525.

is meritless. Former RCW 9.94A.030(9) (2010) defines the term "conviction" for SRA purposes to include juvenile adjudications of guilt.

B.    *Same Criminal Conduct*

Next, Bakke contends that the trial court miscalculated his offender score by failing to treat three of his previous second degree possession of stolen property convictions as the same criminal conduct under RCW 9.94A.589(1)(a) and former RCW 9.94A.525(5)(a)(i). But for crimes to be treated as the same criminal conduct under RCW 9.94A.589(1)(a), they must have the same criminal intent, be committed at the same time and place, and involve the same victim. *State v. Davis*, 174 Wn. App. 623, 641, 300 P.3d 465, *review denied*, ___ P.3d ___ (2013). Here, Bakke's undisputed declaration of criminal history shows that he committed his second degree possession of stolen property offenses on different dates. Accordingly, the trial court properly refused to treat Bakke's second degree possession of stolen property convictions as the same criminal conduct when calculating his offender score.

C.    *ER404(b)/ER 609*

Finally, Bakke claims that the sentencing court miscalculated his offender score by considering evidence of his convictions that were more than ten years old, citing to ER 404(b)[6]

---

[6] ER 404(b) provides:
**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

No. 43525-0-II
Consolidated With No. 43791-1-II

and ER 609.[7] This claim is meritless as the rules of evidence do not apply at sentencing

hearings. ER 1101(c)(3); *see also State v. Strauss*, 119 Wn.2d 401, 417-18, 832 P.2d 78 (1992).[8]

Moreover, even if the rules of evidence applied to Bakke's sentencing hearing, ER 404(b) and

ER 609 do not assist his claim because evidence of his prior convictions were not admitted to

prove his character (ER 404(b)) or to attack his credibility as a witness (ER 609).

---

[7] ER 609 provides in part:
> **(a) General Rule.** For the purpose of attacking the credibility of a witness in a criminal or civil case, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered, or (2) involved dishonesty or false statement, regardless of the punishment.
> **(b) Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
> . . . .

[8] Although the rules of evidence do not apply at sentencing hearings, "evidence admitted at a sentencing hearing must meet due process requirements," which requirements include that the evidence be reliable and that the defendant be given the opportunity to refute the evidence. *Strauss*, 119 Wn.2d at 418. Bakke does not assert that the State's evidence of his prior offenses was unreliable or that he was denied an opportunity to refute the evidence.

9

D.      *Drug Offender Sentencing Alternative (DOSA)*

Finally, Bakke appears to assert that the sentencing court erred by failing to impose a DOSA sentence. But DOSA sentences are unavailable to offenders who have been convicted of a sex offense. RCW 9.94A.660(1)(c). Here the record shows that Bakke committed the sex offense of attempted indecent liberties. RCW 9A.44.100; former RCW 9.94A.030(45) (defining "sex offense"). Accordingly, a DOSA sentence was unavailable to Bakke and, thus, the trial court did not err by failing to impose it.[9]

## PERSONAL RESTRAINT PETITION ISSUES

In his petition Bakke again argues that the trial court miscalculated his offender score by counting his juvenile offenses and by failing to treat three of his previous second degree possession of stolen property convictions as the same criminal conduct. He also repeats his argument that the trial court committed evidentiary errors at sentencing. We have addressed these claims as asserted in his SAG and have determined that the claims lack merit. Accordingly, we do not address these issues further. *See In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999) (A petitioner cannot raise previously adjudicated claims unless he shows that "the ends of justice would be served by reexamining the issue.").

---

[9] Bakke's SAG also repeats his appellate counsel's argument that the trial court miscalculated his offender score by counting his 2001 second degree theft conviction as well as other class C felonies that he had committed before 2001. Because we have addressed this claim as argued by counsel, we do not address it again here.

10

No. 43525-0-II
Consolidated With No. 43791-1-II

We affirm Bakke's sentence and deny his personal restraint petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Hunt, J.

_____
Johanson, J.

11