FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9: 02

STATE OF WASHINGTON

BY_____
              DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the matter of the personal restraint of: | No. 45365-7-II |
| MICHAEL A. LAR, | UNPUBLISHED OPINION |
| Petitioner. | |

BJORGEN, A.C.J. — Following a jury trial, the trial court sentenced Michael Anthony Lar to a life term without the possibility of early release under the Persistent Offender Accountability Act (POAA) of the Sentencing Reform Act of 1982, chapter 9.94A RCW, and we affirmed on appeal.[1] In this timely personal restraint petition (PRP), Lar challenges his kidnapping conviction and his sentence, arguing that (1) the trial court erred in sentencing him under the POAA because the prior federal bank robbery convictions relied on are not comparable to most serious offenses under Washington law, (2) his trial and appellate counsel rendered ineffective assistance by failing to adequately challenge the comparability of Lar's prior federal convictions at sentencing and on direct appeal, (3) his kidnapping conviction should have merged with his attempted robbery conviction because the restraint involved was merely incidental to the robbery attempt, and (4) the sentencing court improperly imposed discretionary legal financial

---

[1] *State v. Lar*, noted at 167 Wn. App. 1047, 2012 WL 1426537 (2012).

obligations without considering Lar's ability to pay. We grant the petition in part, reverse Lar's POAA sentence, and remand for resentencing.

## FACTS

The State charged Lar with burglary, kidnapping, and attempted robbery, all in the first degree, and a jury returned guilty verdicts on all counts.[2]

Lar had previously pled guilty on two occasions in federal district court to bank robbery charges: on one occasion, Lar pled guilty to one count of bank robbery and one count of armed bank robbery, and that court sentenced him for both crimes in one proceeding on January 31, 1997. As part of the plea deal, Lar stipulated to a statement of facts underlying each charge, but did not expressly admit that he intended to permanently deprive the banks of the money.

On the other occasion, Lar pled guilty to two counts of bank robbery in 1985, and the federal district court sentenced him for both counts in one proceeding. Although the complaint in the federal prosecution describes the conduct at issue similarly to that underlying Lar's 1997 robbery convictions, the information merely sets out the statutory elements of federal bank robbery along with the amounts of money taken. The record contains nothing indicating that Lar stipulated to any statement of the facts underlying the 1985 charges.

In 2005, our Supreme Court held that the federal crime of bank robbery is not legally comparable to second degree robbery under Washington law. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255-56, 111 P.3d 837 (2005). Nonetheless, although Lar made a general

---

[2] The substantive facts underlying the convictions at issue arose out of a failed bank robbery and are stated in our opinion affirming Lar's convictions on direct appeal. *Lar*, 167 Wn. App. 1047, 2012 WL 1426537, at *1-4. We do not repeat them here as they have no bearing on our decision.

comparability objection to the use of his prior federal convictions in the sentencing proceeding at issue here, he did not specifically challenge their comparability based on *Lavery*.[3]

The sentencing court found the prior federal convictions comparable to most serious offenses under the POAA, stating that it thus had no discretion to exercise, and sentenced Lar to a life term without the possibility of early release. As part of the sentence, the court imposed a $1,000 jail recoupment fee and $11,025 in court-appointed attorney fees. The court's order contained a boilerplate finding concerning Lar's present or future ability to meet these obligations, but nothing else in the record indicates whether the court actually considered Lar's ability to pay.

Lar timely submits this petition, and has not previously submitted a PRP in this matter.

## ANALYSIS

After setting out the standard of review for PRPs, we first address the comparability of Lar's 1985 and 1997 federal bank robbery convictions to most serious offenses under Washington law. We then turn to Lar's claim that the conduct underlying his kidnapping conviction was merely incidental to that underlying the charged robbery. Finally, we address the sentencing court's imposition of discretionary legal financial obligations.

### I. STANDARD OF REVIEW

To obtain relief in a timely PRP,

> a petitioner must show either that he or she was actually and substantially prejudiced by constitutional error or that his or her trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice.

---

[3] On direct appeal, Lar challenged the mandatory life sentence on other grounds, but did not raise a comparability challenge. *Lar*, noted at 167 Wn. App. 1047.

*In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). A personal restraint petitioner who presents a meritorious ineffective assistance of counsel claim "has necessarily met his burden to show actual and substantial prejudice" and is thus entitled to relief. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

## II. Comparability of Lar's Federal Bank Robbery Convictions

Lar first asks us to address his claim directly and vacate his POAA sentence because he objected to the use of his prior 1985 and 1997 federal convictions in the sentencing court. Lar contends that, because his prior convictions are not comparable to most serious offenses under Washington law, he is not a persistent offender within the meaning of the POAA. We agree.

A sentencing court must impose a sentence of total confinement for life without the possibility of release on a "persistent offender." RCW 9.94A.570. As relevant here, a persistent offender is one who stands convicted of a felony defined as a "most serious offense," also called a "strike" offense, *see Lavery*, 154 Wn.2d at 252, and has previously "been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses." RCW 9.94A.030(37)(a)(ii). In the first degree, kidnapping, burglary, and attempted robbery all qualify as most serious offenses. RCW 9.94A.030(32)(a); RCW 9A.40.020; RCW 9A.52.020; former RCW 9A.56.200 (1990).

We review de novo a trial court's determination that a prior conviction from another jurisdiction is comparable to a strike offense, applying the following test:

> A court must first query whether the foreign offense is legally comparable—that is, whether the elements of the foreign offense are substantially similar to the elements of the Washington offense. If the elements of the foreign offense are broader than the Washington counterpart, the sentencing court must then determine whether the offense is factually comparable—that is, whether the conduct underlying the foreign offense would have violated the comparable Washington statute.

4

*State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007) (citing *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998)). If the conviction is comparable to a strike offense under either prong, a sentencing court may properly rely on it in imposing a POAA sentence. *See Thiefault*, 160 Wn.2d at 415.

A.     Legal Comparability

In *Lavery*, our Supreme Court vacated a life sentence imposed under the POAA on the ground that the prior federal bank robbery convictions on which the sentencing court had relied were not comparable to most serious offenses[4] under Washington law. 154 Wn.2d at 253-62. The *Lavery* court addressed the legal prong of the comparability test as follows:

> The crime of federal bank robbery is a general intent crime. The crime of second degree robbery in Washington, however, requires specific intent to steal as an essential, nonstatutory element. Its definition is therefore narrower than the federal crime's definition. . . . Because the elements of federal bank robbery and robbery under Washington's criminal statutes are not substantially similar, we conclude that federal bank robbery and second degree robbery in Washington are not legally comparable.

*Lavery*, 154 Wn.2d at 255-56 (citations omitted). The State concedes that federal bank robbery is not legally comparable to the relevant most serious offense under Washington law. We accept the State's concession, as *Lavery* requires. 154 Wn.2d at 256.

---

[4] The *Lavery* court compared the federal bank robbery conviction to a second degree robbery conviction because committing robbery against a financial institution did not automatically elevate the offense to the first degree when Lavery committed the crime at issue, as it does under current law. *See Lavery*, 154 Wn.2d at 252 (noting that the prior bank robbery conviction dated from 1991); *compare* RCW 9A.56.200 *with* former RCW 9A.56.200. The distinction has no bearing on the analysis here, however, because the specific intent element that rendered the crimes not comparable in *Lavery*, 154 Wn.2d at 255-56, also applies to first degree robbery. *State v. Kjorsvik*, 117 Wn.2d 93, 96, 98, 812 P.2d 86 (1991).

B.      Factual Comparability

The State contends instead that the trial court properly relied on Lar's federal bank robbery convictions because the facts to which Lar stipulated and admitted as part of his plea deals establish specific intent to steal. When factually comparing a "foreign" conviction, a court "may consider only facts that were admitted, stipulated to, or proved beyond a reasonable doubt." *State v. Olsen*, 180 Wn.2d 468, 478, 325 P.3d 187, *cert. denied*, 135 S. Ct. 287 (2014).

As the State points out, under Washington law a guilty plea generally admits the allegations in the information. *In re Pers. Restraint of Francis*, 170 Wn.2d 517, 530, 242 P.3d 866 (2010). We have held, however, that

> [i]n order to determine that which was admitted by the defendant as a result of the entry of a guilty plea, it is necessary to look to the law of the state in which the defendant entered the plea as that law existed at the time of the plea.

*State v. Releford*, 148 Wn. App. 478, 489, 200 P.3d 729 (2009) (emphasis omitted). The rationale for this rule would apply equally to guilty pleas entered in the federal courts. Under federal precedents, "a plea of guilty admits only the elements of the charge necessary for a conviction." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 n.3 (9th Cir. 2007); *accord United States v. Forrester*, 616 F.3d 929, 945-46 (9th Cir. 2010); *United States v. Cazares*, 121 F.3d 1241, 1246-47 (9th Cir. 1997).

In neither plea deal did Lar admit to the facts as stated in the complaint, and because he pled guilty, the government never proved those facts beyond a reasonable doubt. *State v. Bunting*, 142 Wn. App. 135, 142, 61 P.3d 375 (2003). The federal statute on which Lar's prior convictions rest provides in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any

savings and loan association . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

. . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d). Under the precedents discussed above, then, the only facts properly considered in the comparability analysis are (1) the factual allegations in the charging documents directly relating to elements essential to the prior convictions under this statute, together with (2) the facts to which Lar stipulated as part of the 1997 plea deal.

1. The 1985 Convictions

Contrary to the State's assertions, the facts properly considered with respect to the 1985 convictions do not establish specific intent to steal. Under the 1985 plea deal, which contains an integration clause, Lar agreed only to "enter pleas of guilty to two counts alleging violations of [18 U.S.C.] sections 2113(a) and (d) (Bank Robbery), as charged in the Information filed herein." Personal Restraint Petition at App'x C (PRP). As discussed, the language of the information largely tracks that of the statute and does not allege specific intent to steal.

The State effectively asks us to infer intent to steal from other admitted facts. This we cannot do. To impose a life sentence based on such an inference would violate the rule articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), that any fact other than that of a prior conviction used to increase punishment must either be admitted by the defendant or proved beyond a reasonable doubt. *See Lavery*, 154 Wn.2d at 256-57. The *Lavery* court addressed the factual comparability prong as follows:

> Any attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond

7

a reasonable doubt in the foreign conviction, proves problematic. Where the statutory elements of a foreign conviction are broader than those under a similar Washington statute, the foreign conviction cannot truly be said to be comparable.

As in [*State v. Ortega*, 120 Wn. App. 165, 84 P.3d 935 (2004)], Lavery had no motivation in the earlier conviction to pursue defenses that would have been available to him under Washington's robbery statute but were unavailable in the federal prosecution. Furthermore, Lavery neither admitted nor stipulated to facts which established specific intent in the federal prosecution, and specific intent was not proved beyond a reasonable doubt in the 1991 federal robbery conviction.

154 Wn.2d at 258. The court concluded that the federal bank robbery conviction at issue failed both prongs of the comparability test and could not count as a strike offense under the POAA. *Lavery*, 154 Wn.2d at 258. The court thus granted Lavery's PRP even though it was untimely and successive. *Lavery*, 154 Wn.2d at 253-62.

*Lavery* is directly on point in our examination of the 1985 convictions and controls our decision on both the legal and factual prongs of the comparability analysis. Once Lar objected to the comparability of the federal bank robbery convictions, the trial court should have considered *Lavery* in its ruling. We hold that the trial court erred in relying on the 1985 convictions to designate Lar a persistent offender under the POAA.

2. The 1997 Convictions

As relevant here, to qualify as a persistent offender, the POAA requires that the defendant has

been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.525; *provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted.*

RCW 9.94A.030(37)(a)(ii) (emphasis added). Since Lar was convicted of both 1997 charges in the same proceeding, his conviction for one of the crimes would not have occurred before his commission of the other. Lar pled guilty to and was sentenced for the 1997 robbery charges in a

single proceeding. Therefore, his 1997 convictions, if comparable, would count as only one strike offense.

Thus, even if we accepted the State's argument that Lar's admissions under the 1997 plea deal sufficiently establish intent to steal, he does not qualify as a persistent offender because, as we have already held, the other convictions relied on are not legally or factually comparable to most serious offenses. We therefore decline to address the factual comparability of the 1997 convictions.

Because the State relied on only two prior occasions on which courts had convicted Lar, *Lavery* controls the outcome here. The 1985 federal bank robbery convictions fail both the legal and factual prongs of the comparability test. *Lavery*, 154 Wn.2d at 255-58; *see also Thiefault*, 160 Wn.2d at 415. The trial court therefore erred in relying on those convictions; and the 1997 convictions, even if comparable, do not alone justify designating Lar a persistent offender. We remand for resentencing, leaving it to the trial court to decide in the first instance what effect, if any, Lar's prior convictions may have on his offender score.[5]

### III. KIDNAPPING AND INCIDENTAL RESTRAINT

Lar also asks us to reverse his kidnapping conviction, contending that entry of convictions for both the attempted robbery charge and the kidnapping charge constitutes double jeopardy. Specifically, Lar argues that the convictions merge because his restraint of the victim was merely incidental to the robbery attempt, with no independent purpose or effect.

Lar's argument relies on our opinion in *State v. Berg*, 177 Wn. App. 119, 138, 310 P.3d 866 (2013), *reversed by* 181 Wn.2d at 857, 337 P.3d 310 (2014), *State v. Lindsay*, 171 Wn. App.

---

[5] Because we directly address Lar's challenge to his POAA sentence and grant the relief requested, we decline to consider his ineffective assistance of counsel claim.

808, 843-44, 288 P.3d 641 (2012), *rev'd in part on other grounds*, 180 Wn.2d 423, 326 P.3d 125 (2014), and *State v. Korum*, 120 Wn. App. 686, 707, 86 P.3d 166 (2004), *rev'd in part on other grounds and aff'd in part*, 157 Wn.2d 614, 620, 141 P.3d 13 (2006). In an opinion filed after the parties submitted their briefing in this case, however, our Supreme Court reversed our decision in *Berg* and explicitly rejected the relevant reasoning, specifying that "kidnapping and robbery never merge." *Berg*, 181 Wn.2d at 872. Under our Supreme Court's decision in *Berg*, Lar's merger argument fails. We affirm his kidnapping conviction.

IV. LEGAL FINANCIAL OBLIGATIONS

Finally, Lar challenges the sentencing court's imposition of discretionary legal financial obligations (LFOs), specifically the jail recoupment fee and the court appointed attorney fees. Because we remand for resentencing, we decline to address the claim. We note only that, before imposing discretionary LFOs on remand, the sentencing court must consider Lar's ability to pay consistently with our Supreme Court's recent holding that

> RCW 10.01.160(3) requires the record to reflect that the sentencing judge made an individualized inquiry into the defendant's current and future ability to pay before the court imposes LFOs. This inquiry also requires the court to consider important factors, such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay.

*State v. Blazina*, No. 89028-5, 89109-5, 2015 WL 1086552 at ¶ 22 (Wash. March 12, 2015).

CONCLUSION

The trial court imposed a life sentence at least in part based on convictions not comparable to most serious offenses under Washington law. Under *Lavery*, 154 Wn.2d at 253-62, Lar has thus demonstrated "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *Finstad*, 177 Wn.2d at 506. We therefore grant

10

Lar's petition in part, reverse the POAA sentence, and remand for resentencing. We deny the petition in all other respects.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

BJORGEN, A.C.J.

We concur:

Worswick, J.

WORSWICK, J.

Sutton, J.

SUTTON, J.