FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 40

STATE OF WASHINGTON
BY _____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45753-9-II |
| Respondent, | |
| v. | |
| RYAN JOSEPH SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Ryan Joseph Smith appeals his sentence for second degree burglary and possession of methamphetamine. He argues that the trial court erred when it increased his offender score based on an Oregon conviction for assaulting a public safety officer. Because the Oregon statute is not legally comparable to Washington's third degree assault statute and the record does not establish factual comparability, we agree with Smith, reverse his sentence, and remand for resentencing.

## FACTS

After a bench trial, Smith was convicted of second degree burglary and possession of methamphetamine. At sentencing, the State argued that a prior Oregon conviction for assaulting a public safety officer[1] should increase Smith's offender score because it was comparable to

_____

[1] OR. REV. STAT. § 163.208(1).

Washington's third degree assault against a law enforcement officer statute.[2] Smith argued that his Oregon conviction was not comparable because Oregon's assaulting a public safety officer statute has a broader mens rea requirement and the State provided insufficient facts to prove factual comparability. The trial court agreed with the State and increased Smith's offender score based on his Oregon assaulting a public safety officer conviction. Smith appeals his sentence.

## ANALYSIS

### I. STANDARD OF REVIEW AND RULES OF LAW

We review a trial court's calculation of a defendant's offender score de novo. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187, *cert. denied*, 135 S. Ct. 287 (2014). A defendant's offender score may be increased for an out-of-state conviction if the State meets its burden to prove the existence of the out-of-state conviction and can establish that the out-of-state conviction is "comparable" to a Washington offense. RCW 9.94A.525(3); *Olsen*, 180 Wn.2d at 472. When determining whether a foreign conviction is comparable to a similar Washington offense, we apply a two-part test. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007).

The comparability test requires us to first compare the elements of the foreign conviction with a similar Washington offense to determine whether the offenses are legally comparable. *Olsen*, 180 Wn.2d at 472. If the out-of-state conviction is identical to or narrower than the similar Washington offense, the offenses are legally comparable and the out-of-state conviction may be used to increase a defendant's offender score. *Olsen*, 180 Wn.2d at 472-73. If the foreign conviction is broader than the Washington offense, however, the statutes are not legally

---

[2] RCW 9A.36.031(1)(g).

2

comparable and we continue to determine factual comparability. *Thiefault*, 160 Wn.2d at 415. When performing a factual comparability analysis, we ask "whether the defendant's conduct would have violated the comparable Washington statute." *Olsen*, 180 Wn.2d at 473.

## II. LEGAL COMPARABILITY

Here, the State claimed at sentencing that Smith's Oregon conviction for assaulting a public safety officer, *Or. Rev. Stat.* § 163.208(1), should be used to increase his offender score because it is comparable to Washington's third degree assault of a law enforcement officer statute, RCW 9A.36.031(1)(g). The State argues that the statutes are legally comparable because Washington's assault statute is broader and covers more conduct. Smith argues that the Oregon statute is not legally comparable to Washington's statute because Washington requires that the assault be committed with intent while Oregon requires either an intentional or a knowing mental state. We agree with Smith.

We review de novo the comparability of two statutes, beginning with a legal comparability analysis. *Olsen*, 180 Wn.2d at 472. In Oregon, a person is guilty of assaulting a public safety officer when he "intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer, corrections officer, youth correction officer, parole and probation officer, animal control officer, firefighter or staff member, and while the other person is acting in the course of official duty." OR. REV. STAT. § 163.208(1). A person acts "intentionally" in Oregon when he "acts with a conscious objective to cause the result or to engage in the conduct so described." OR. REV. STAT. § 161.085(7). A person acts "knowingly" when he acts "with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." OR. REV. STAT. § 161.085(8).

3

In Washington, a person is guilty of third degree assault if he "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). Assault is defined not by statute but by common law and covers three types of conduct: "(1) an unlawful touching (actual battery); (2) an attempt with unlawful force to inflict bodily injury upon another, tending but failing to accomplish it (attempted battery); and (3) putting another in apprehension of harm." *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). In Washington, assault is a specific intent crime. *State v. Willams*, 159 Wn. App. 298, 307, 244 P.3d 1018 (citing *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995)), *review denied*, 171 Wn.2d 1025 (2011). In other words, a defendant must act with specific intent to commit an actual battery or to put his victim in apprehension of harm. *Williams*, 159 Wn. App. at 307.

The mens rea element of the Oregon offense is broader than Washington's and dispositive of the legal comparability question in this case. In Oregon, an assault may be committed either knowingly or intentionally, *Or. Rev. Stat.* § 163.208(1), while in Washington, assault must be committed intentionally. *Williams*, 159 Wn. App. at 307.

In *In re Personal Restraint of Lavery*, 154 Wn.2d 249, 255-56, 111 P.3d 837 (2005), our Supreme Court decided a similar issue when it held that the federal bank robbery statute was not legally comparable to Washington's second degree robbery statute because the federal statute had a broader mens rea. The mens rea for federal bank robbery is general intent, *Carter v. United States*, 530 U.S. 255, 268-69, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000), while in Washington, the mens rea for second degree bank robbery is specific intent. *Lavery*, 154 Wn.2d at 255-56 (citing *State v. Kjorsvik*, 117 Wn.2d 93, 98, 812 P.2d 86 (1991)). In *Lavery*, our Supreme Court held that

the federal statute was broader and, therefore, not legally comparable because "a person could be convicted of federal bank robbery without having been guilty of second degree robbery in Washington." 154 Wn.2d at 256.

Similar to the federal bank robbery statute in *Lavery*, the Oregon statute here requires either a knowing or an intentional mental state. OR. REV. STAT. § 163.208(1). Washington's third degree assault statute requires specific intent. This is the exact problem that our Supreme Court identified in *Lavery*—because Oregon's mens rea requirement is broader, some conduct that would violate the Oregon statute would not violate Washington's third degree assault statute.

Therefore, because the mens rea element of *Or. Rev. Stat.* § 163.208(1) is broader than RCW 9A.36.031(1)(g), the statutes are not legally comparable.[3]

### III. FACTUAL COMPARABILITY

Next, we turn to the factual comparability analysis. Smith argues that his Oregon conviction is not factually comparable because the facts fail to establish that Smith's conduct was an intentional assault. The State argues that Smith's conviction is factually comparable because the information provides enough facts to establish that Smith's conduct underlying his Oregon assaulting a public safety officer conviction would violate the Washington statute. We agree with Smith.

When doing a factual comparability analysis we may consider the "defendant's conduct, as evidenced by the indictment or information, to determine if the conduct itself would have

---

[3] Although the State correctly argues that Washington's assault statute may cover more conduct—i.e., actual battery, attempted battery, and putting the victim in apprehension of harm—while Oregon's statute only criminalizes actual battery, the problem identified in *Lavery* remains. *Elmi*, 166 Wn.2d at 215. A defendant who commits an actual battery assault in Oregon knowingly would not have violated Washington's intentional assault statute. *See Lavery*, 154 Wn.2d at 256.

violated a comparable Washington statute." *Lavery*, 154 Wn.2d at 255. We may also consider evidence that was admitted or proven beyond a reasonable doubt in the out-of-state proceeding. *Lavery*, 154 Wn.2d at 258. The sentencing court may not consider evidence that was not presented in the foreign proceeding. *Lavery*, 154 Wn.2d at 258.

Here, the parties agree that the information and judgment and sentence from Smith's Oregon conviction provide the only facts that we can consider. Therefore, the issue is whether, based on the facts in those pleadings, Smith's "conduct would have violated the comparable Washington statute." *Olsen*, 180 Wn.2d at 473. Unlike the Oregon statute, Washington's law requires that the criminal act be committed with specific intent. RCW 9A.36.031(1)(g); *Williams*, 159 Wn. App. at 307.

The Oregon information establishes that Smith was charged with "knowingly caus[ing] physical injury to Officer Kyle S. Williams of the Eugene Police Department, knowing that person to be a peace officer acting in the course of official duty." Ex. 8. The language of the information is almost identical to the language of the statute itself, *Or. Rev. Stat.* § 163.208(1), and provides no additional facts about Smith's conduct except the name of the officer he assaulted and the date of the offense. The judgment and sentence establishes that Smith pleaded guilty to and was convicted of that charge. Neither the judgment and sentence nor any other document includes more specific facts about Smith's actual criminal acts or mental state from which we could infer that his conduct was intentional and, thus, would have violated the Washington statute. These facts merely establish that Smith acted knowingly and fail to establish that Smith acted intentionally.

Therefore, because the information and judgment and sentence from Smith's Oregon conviction fail to establish that Smith assaulted a law enforcement officer in Oregon intentionally, we hold that these statutes are not factually comparable.

## IV. REMEDY ON REMAND

Because Smith's Oregon conviction is not comparable to Washington's third degree assault statute, we must reverse his sentence and remand for resentencing. Smith argues that, on remand, the sentencing court should not be permitted to consider the Oregon assault conviction. We disagree.

Under *State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014), a sentencing court is permitted to consider new, permissible evidence on remand. We, therefore, reverse the trial court's sentence and remand for resentencing, permitting the State to provide additional relevant evidence regarding Smith's criminal history.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.