## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47855-2-II |
| Respondent, | |
| v. | |
| ANDREW SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Andrew Smith appeals his sentence following his conviction for failure to register as a sex offender. He argues, and the State concedes, that the sentencing court erred by including a 2001 Oregon conviction for attempted sexual abuse in his offender score because that offense was not legally or factually comparable to the Washington offense of indecent liberties. We accept the State's concession and remand for resentencing.

### FACTS

A judge convicted Smith for failure to register as a sex offender. The sentencing court calculated Smith's offender score as 10 based on Smith's prior convictions, including three points for a 2001 Oregon conviction for attempted sexual abuse based on conduct that occurred in 1999. The sentencing court included the Oregon conviction in the offender score because it found that the Oregon offense was comparable to the Washington crime of indecent liberties. Smith was sentenced to 43 months, within the standard range for his offender score.

Smith appeals his sentence.

ANALYSIS

We review a trial court's calculation of a defendant's offender score de novo. *State v. Olsen,* 180 Wn.2d 468, 472, 325 P.3d 187, *cert. denied,* 135 S. Ct. 287 (2014). An out-of-state conviction can be included in an offender score if the State meets its burden to prove the existence of that conviction and can establish that the out-of-state offense is comparable to a Washington offense. RCW 9.94A.525(3); *Olsen,* 180 Wn.2d at 472.

When determining whether an out-of-state conviction is comparable to a similar Washington offense, we apply a two-part test. *State v. Thiefault,* 160 Wn.2d 409, 415, 158 P.3d 580 (2007). First, we determine whether the offenses are *legally* comparable – whether the elements of the out-of-state offense are substantially similar to the elements of the Washington offense. *Id.* This comparison is based on the elements of the offenses at the time the crime occurred. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005). If the elements of the out-of-state offense are not substantially similar to the elements of the Washington offense, they are not legally comparable. *Thiefault*, 160 Wn.2d at 415.

Second, even if the offenses are not legally comparable, an out-of-state conviction can still be included in the offender score if the offenses are *factually* comparable. *Id.* We determine whether the defendant's conduct underlying the out-of-state conviction would have violated the Washington statute. *Id.*

Here, the Oregon crime of attempted sexual abuse defined in ORS 163.427 and the Washington crime of indecent liberties defined in former RCW 9A.44.100 (1997) do not have substantially similar elements. In 1999, former RCW 9A.44.100 required that the victim not be the offender's spouse. In 1999 ORS 163.427 contained no such requirement. Therefore, the

Washington offense included an element not in the Oregon offense, the two offenses are not legally comparable.

Regarding factual comparability, there are insufficient facts in the record to determine whether Smith could have been convicted under former RCW 9A.44.100 for the conduct underlying his Oregon conviction. Smith pled no contest to his charges under ORS 163.427. Neither the indictment nor the plea form that Smith signed contain facts showing whether or not the victim of that crime was his spouse. Therefore, there are insufficient facts to show factual comparability.

We hold that the trial court erred in including Smith's Oregon conviction for attempted sexual abuse in his offender score because in 1999 that offense was not comparable to the Washington offense of indecent liberties. Accordingly, we remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
LEE, J.