IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33420-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEPHEN GEORGE HYRNIAK, | ) | |
| Aka: THEODORE ERNEST HYRNIAK, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Stephen Hyrniak appeals the calculation of his offender

score. He argues the trial court erred when it included a 1983 arson conviction from

Oregon. The State disagrees, and also asserts that the issue is moot because Mr. Hyrniak

no longer is incarcerated. We determine the issue is not moot because Mr. Hyrniak is still

serving his community custody. Also, we agree with Mr. Hyrniak that the trial court

erred in calculating his offender score. We therefore remand this matter to the trial court

for resentencing.

## FACTS

The Klickitat County prosecutor's office charged Stephen Hyrniak with third degree assault and resisting arrest. A jury subsequently convicted him of both charges. During sentencing, an issue arose as to Mr. Hyrniak's offender score. The State sought to count a 1983 arson conviction from Oregon toward Mr. Hyrniak's offender score. The State provided the sentencing court with a certified copy of the sentencing order from 1983, and a copy of the indictment for the Oregon charges. Based on the 1983 Oregon arson conviction, the State requested Mr. Hyrniak be given an offender score of 1, and be sentenced to eight months on the third degree assault charge. After hearing arguments, the sentencing court accepted the State's position and assigned Mr. Hyrniak an offender score of 1. Mr. Hyrniak was sentenced concurrently to eight months on the assault charge and 90 days on the resisting arrest charge.

Mr. Hyrniak filed a timely notice of appeal. Prior to considering this case, we requested Mr. Hyrniak to advise us whether he is on community custody. He advised us that he is on community custody and will not complete that aspect of his sentence until November 24, 2016.

## ANALYSIS

### A.    MOOTNESS

"A case is moot if a court can no longer provide effective relief." *Blackmon v. Blackmon*, 155 Wn. App. 715, 719, 230 P.3d 233 (2010). Generally, appellate courts dismiss a case that involves only a moot question, unless that case presents issues that are of substantial and continuing interest. *In re Marriage of Horner*, 151 Wn.2d 884, 891-92, 93 P.3d 124 (2004).

The issue of the validity of a trial court's offender score is rendered moot if the offender has been released from confinement and is not in community custody. *State v. Harris*, 148 Wn. App. 22, 26, 197 P.3d 1206 (2008). Here, Mr. Hyrniak will not complete his community custody until November 24, 2016. The issue before us therefore is not moot.

### B.    OFFENDER SCORE CALCULATION

A sentencing court's calculation of an offender score is reviewed de novo. *State v. Cross*, 156 Wn. App. 568, 587, 234 P.3d 288 (2010); *State v. Wilson*, 113 Wn. App. 122, 136, 52 P.3d 545 (2002). The State bears the burden of proving the existence of a prior conviction by a preponderance of the evidence. *State v. Bergstrom*, 162 Wn.2d 87, 93, 169 P.3d 816 (2007).

3

Under the Sentencing Reform Act, chapter 9.94A RCW, out-of-state convictions

are only included in the calculation of a defendant's offender score if comparable to a

Washington offense. RCW 9.94A.525(3); *Wilson*, 113 Wn. App. at 136. Washington

courts follow a two-part test to determine comparability. *State v. Olsen*, 180 Wn.2d 468,

472-73, 325 P.3d 187, *cert. denied*, 135 S. Ct. 287 (2014); *In re Pers. Restraint of Lavery*,

154 Wn.2d 249, 255, 111 P.3d 837 (2005); *State v. Morley*, 134 Wn.2d 588, 605-06, 952

P.2d 167 (1998). This test first looks at whether the elements of the out-of-state

conviction are comparable to the elements of a similar Washington offense (legal

comparability). *Olsen*, 180 Wn.2d at 472-73. If the two offenses are not legally

comparable, the sentencing court may then look at the underlying facts of the out-of-state

conviction to determine if the out-of-state conduct would have violated a comparable

Washington statute (factual comparability). *Id.* If the prior foreign conviction is neither

legally nor factually comparable to a Washington offense, the foreign conviction is not

counted in the offender score. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580

(2007).

### a. Legal comparability

When examining whether an out-of-state conviction is legally comparable to a

Washington offense, courts compare the elements of the two statutes at issue. *Morley*,

4

134 Wn.2d at 606; *Lavery*, 154 Wn.2d at 255. If the elements of the two statutes are substantially similar, then the two offenses are legally comparable. *Morley*, 134 Wn.2d at 606; *Lavery*, 154 Wn.2d at 255. But, if the elements of the out-of-state conviction are broader than the comparable Washington offense, then the two crimes are not legally comparable and the court moves on to the factual analysis. *Olsen*, 180 Wn.2d at 472-73; *Thiefault*, 160 Wn.2d at 415.

Mr. Hyrniak was charged in Oregon with arson in the first degree, and the relevant Oregon statute provides:

> (1) A person commits the crime of arson in the first degree if:
>    (a) By starting a fire or causing an explosion, the person intentionally damages:
>       (A) Protected property of another;
>       (B) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage; or
>       (C) Any property, whether the property of the person or the property of another person, and recklessly causes serious physical injury to a firefighter or peace officer acting in the line of duty relating to the fire; or
>    (b) By knowingly engaging in the manufacture of methamphetamine, the person causes fire or causes an explosion that damages property described in paragraph (a) of this subsection.

Or. Rev. Stat. § 164.325.[1] "Protected property" is defined as "any structure, place or

_____

[1] Since 1983, this statute has been amended twice by the Oregon legislature. The first amendment added subsection (1)(a)(C), and the second amendment added subsection

thing customarily occupied by people, including 'public buildings' . . . and 'forestland.'"

Or. Rev. Stat. § 164.305(1).[2] Under the Oregon criminal code, "intentionally" means that

"a person acts with a conscious objective to cause the result or to engage in the conduct

so described." Or. Rev. Stat. § 161.085(7).

In Washington, the first degree arson statute provides:

(1) A person is guilty of arson in the first degree if he or she knowingly and maliciously:
    (a) Causes a fire or explosion which is manifestly dangerous to any human life, including firefighters; or
    (b) Causes a fire or explosion which damages a dwelling; or
    (c) Causes a fire or explosion in any building in which there shall be at the time a human being who is not a participant in the crime; or
    (d) Causes a fire or explosion on property valued at ten thousand dollars or more with intent to collect insurance proceeds.

RCW 9A.48.020. A "dwelling" is defined as "any building or structure . . . which is used

or ordinarily used by a person for lodging." RCW 9A.04.110(7). In Washington,

"malice" imports to the accused "an evil intent, wish, or design to vex, annoy, or injure

another person." RCW 9A.04.110(12). Also, a person acts knowingly when "aware of a

fact, facts, or circumstances or result described by a statute defining an offense" or

---

(1)(b). 1991 Or. Laws, ch. 946, § 1; 2005 Or. Laws, ch. 706, § 4. Otherwise, the elements of the Oregon statute have not changed since 1983.

[2] The definition of "protected property" has not changed since Or. Rev. Stat. § 164.305(1) was first adopted in 1971. 2003 Or. Laws, ch. 543, § 1.

6

"information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense." RCW 9A.08.010(1)(b)(i), (ii).

Here, Mr. Hyrniak argues the first degree arson statutes from Oregon and Washington do not have similar elements. His argument relies on two points. First, the Oregon statute refers to protected property, which Mr. Hyrniak argues is broader than the Washington statute's reference to a dwelling. Second, the Oregon statute requires an offender act intentionally, but the Washington statute requires a more specific finding of malice.

Mr. Hyrniak's first argument is not persuasive. "Protected property" is defined as "any structure, place or thing customarily occupied by *people* . . . ." Or. Rev. Stat. § 164.305(1) (emphasis added). Similarly, a "dwelling" is defined as any building or structure ordinarily used by people for lodging. RCW 9A.04.110(7). It is true the statutes use different terms, but both statutes are essentially protecting the same type of property, i.e., property where people are living. The test for legal comparability is whether the elements of the two statutes in question are *substantially similar*, not whether the elements are identical. *Morley*, 134 Wn.2d at 606; *Lavery*, 154 Wn.2d at 255. The Oregon arson statute's reference to protected property is substantially similar to the

7

Washington arson statute's reference to dwellings.

Mr. Hyrniak's second argument is persuasive. In Oregon, a person acts "intentionally" if acting "with a conscious objective to cause the result or to engage in the conduct so described." Or. Rev. Stat. § 161.085(7). In Washington, "malice" requires that the offender acted with "an evil intent, wish, or design to vex, annoy, or injure another person." RCW 9A.04.110(12). A person acts knowingly when "aware of a fact, facts, or circumstances or result described by a statute defining an offense" or "information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense." RCW 9A.08.010(1)(b)(i), (ii). The Washington arson statute requires an offender to act knowingly *and* with malice, but the Oregon arson statute only requires an offender to act intentionally. RCW 9A.48.020(1); Or. Rev. Stat. § 164.325(1)(a). The Oregon statute has a broader mens rea requirement than the Washington statute and, thus, the two are not legally comparable.

### b. *Factual comparability*

If the elements of an out-of-state conviction are not legally comparable to a Washington offense, a sentencing court may then look to factual comparability. *Olsen*, 180 Wn.2d at 472-73; *Thiefault*, 160 Wn.2d at 415. Factual comparability looks at

8

whether the conduct underlying the out-of-state offense would have violated a comparable Washington statute. *Thiefault*, 160 Wn.2d at 415. "In making its factual comparison, the sentencing court may rely on facts in the foreign record that are admitted, stipulated to, or proved beyond a reasonable doubt." *Id.* (citing *Lavery*, 154 Wn.2d at 258).

Here, the record contains a certified sentencing order from the Tillamook County court sentencing Mr. Hyrniak for two counts of arson in the first degree. The record also contains a copy of the indictment against Mr. Hyrniak for the charges in Oregon.[3] The indictment indicates that Mr. Hyrniak damaged a "dwelling house" by "causing an explosion and starting a fire," and placed a second "dwelling house" in danger by "causing an explosion and starting a fire." Clerk's Papers at 66. A person is guilty of arson in Washington if he or she knowingly and maliciously causes a fire or explosion that damages a dwelling. RCW 9A.48.020. Nothing in the record indicates Mr. Hyrniak acted with malice when he committed arson in 1983. Mr. Hyrniak's 1983 Oregon arson conviction is not factually comparable to a similar Washington offense.

Because an Oregon arson conviction is neither legally nor factually comparable to a similar Washington offense, the trial court erred when it included the foreign conviction

---

[3] We note the indictment and proof of loss are not certified copies.

9

No. 33420-1-III
*State v. Hyrniak*

in the offender score. We remand this matter for resentencing, and direct the trial court, with appropriate input from the Department of Corrections (DOC), to provide a proper credit for Mr. Hyrniak's remaining community custody sentence. It is our intent that Mr. Hyrniak's community custody sentence be commuted so it ends on the date it would have ended had he been sentenced with a 0 offender score.[4]

Reversed and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____      _____
Fearing, C.J.                                          Pennell, J.

---

[4] For instance, if Mr. Hyrniak received a high standard range sentence for an offender score of 1, the trial court should give him a high standard range sentence for an offender score of 0. In addition, the DOC will need to calculate what his release date would have been under that sentence, including early release credit. From that recalculated release date, one year would be added for community custody.

10