IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | |
| | ) | No. 39688-6-III |
| JIMMY D. CLICK, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |
| | ) | |

FEARING, J. — In 2019, the Washington legislature amended the categories of

crimes constituting "most serious offenses," for purposes of the Persistent Offender

Accountability Act (POAA). The POAA demands that one convicted of three or more

most serious offenses be sentenced to life without the possibility of release. The 2019

amendment excluded second degree robbery as a most serious offense, but kept first

degree robbery as a most serious offense. The 2019 amendment did not direct the

sentencing court to resentence offenders previously found to be a most serious offender

based in part on a conviction for second degree robbery.

Two years later, in 2021, the legislature enacted a bill that demanded a

resentencing hearing for an offender who had earlier been found to be a persistent

offender based on a current or past conviction for robbery in the second degree.

Petitioner Jimmy Click filed a motion under the 2021 bill for resentencing on the theory

that two of his California robbery convictions equated to Washington's second degree

robbery crime. At the time of Click's robbery convictions, California did not classify the convictions into first degree or second degree. The superior court adjudged the motion to be a personal restraint petition and transferred the motion to this court. We rule that one of the two California convictions equated to Washington's first degree robbery and a California crime for oral copulation by force also qualifies as a most serious offense. Thus, we affirm Click's sentence as a persistent offender.

FACTS

We start with three earlier California convictions of Jimmy Click relevant to the question of whether Click qualifies as a persistent offender under Washington's POAA. On April 22, 1983, Click pled guilty to robbery and to grand theft auto in Orange County, California. In his guilty plea, Click wrote:

> On 4-30-82 in Westminster, Ca [California] I took personal property to wit; an Automobile from [V.R.] by means of force and fear against his person. In the commission of this offense I personally used a knife.

Resp. to PRP, Att. D at 4. The California court found that Click was armed with a dangerous or deadly weapon during the commission of the crimes. The court sentenced Click to three years in prison.

On May 13, 1985, Jimmy Click pled guilty to robbery and to oral copulation by force. In his plea of guilt, he declared:

> On or about April 4, 1985, in Orange County, I took personal property from the person of [B.M.] and orally copulated her, both acts by

2

> means of force or fear[.] On February 18, 1983, I suffered a conviction in Orange County for Robbery.

Resp. to PRP, Att. E at 4. The California court sentenced Click to seven years in prison.

In 2004, a Spokane County jury found Jimmy Click guilty of second degree assault. The State of Washington requested that the superior court sentence Click under the POAA based on at least two of the four earlier California convictions: robbery in 1983, grand theft auto in 1983, robbery in 1985, and oral copulation by means of force or fear in 1985. Although the superior court needed to only adjudge two of the California convictions as qualifying for persistent offender status, the State argued that at least the two robbery and the oral copulation California convictions fit being most serious offenses. The superior court agreed that at least two qualified. In its judgment and sentence, the court wrote that Click had "been convicted on at least two separate occasions of most serious offense felonies." PRP, at 36. The court did not disclose on which of the four California felonies it relied. Conceivably, the court relied on all four California convictions.

Jimmy Click appealed his sentence on the second degree assault conviction. *State v. Click*, 130 Wn. App. 1039 (2005) (unpublished). He argued that a jury, rather than a judge, needed to resolve whether his earlier California convictions compared to a Washington most serious offense. This court rejected the contention. In so doing, this court wrote:

3

> At his sentencing hearing on the Washington assault conviction, the trial court found his 1983 and 1985 California convictions were comparable to 'most serious offenses' in this state.

*State v. Click*, 130 Wn. App. 1039 (2005) (unpublished). At a time when second degree robbery could be included as a most serious offense, this court, on its own, analyzed whether the 1983 and 1985 California robbery convictions equated to robbery under Washington statute. This court did not decide whether one or both California convictions for robbery compared to Washington's crime of first degree robbery. This court never analyzed whether the grand theft auto or oral copulation by force crimes paralleled a Washington most serious offense.

## PROCEDURE

On October 5, 2022, Jimmy Click filed a motion for relief from sentence in the superior court. He asked for the vacation of his life without the possibility of parole sentence and resentencing under a standard range non-persistent offender sentence. Click designated CrR 7.8 and 2021-22 ESB 5164 as the law on which he based his motion. The 2021 enactment, as previously mentioned, removed second degree robbery from the list of convictions qualifying as a "most serious offense" for purposes of the POAA. This court received two versions of the motion. In one version, Click listed only his 1983 robbery conviction in California as the crime that the court could no longer consider for purposes of his POAA score. Although California did not categorize the 1983 conviction as one for second degree robbery, Click's motion did so. In another version, Click listed

4

both his 1983 and 1985 convictions for robbery and contended neither could be counted for a POAA sentence.

Jimmy Click's motion for relief made no mention of the 1983 conviction for grand theft auto or the 1985 conviction for oral copulation by force. Click deemed his motion was timely because of a change in law that the legislature deemed retroactive.

The superior court ruled that Jimmy Click's motion was not time-barred. Nevertheless, because the court found that Click had failed to show entitlement to relief and his motion did not require a factual hearing, the superior court transferred his motion to this court for consideration as a personal restraint petition under CrR 7.8(c)(2). In doing so, the superior court reasoned that Click's status as a persistent offender resulted from a foreign state conviction for first degree robbery, not second degree robbery. Because Click did not mention the other three California convictions, the superior court did not address whether any of those convictions should be excluded or included in the count under the POAA.

## LAW AND ANALYSIS

After transfer of Jimmy Click's motion for relief to this court, the court appointed counsel for Click. In a supplemental brief to this court, Click wrote that the superior court, in 2004, considered three California convictions to qualify as a most serious offense, the 1983 robbery, the 1985 robbery, and the 1985 oral copulation with force.

We do not read the 2004 judgment and sentence as having identified three earlier California convictions or of specifying any qualifying California conviction.

Jimmy Click asks that we order that his 1985 California conviction for robbery be erased from consideration as a strike under the POAA. He further argues that this court should remand for resentencing because the superior court has never determined whether the crime of oral copulation by force qualifies as a most serious offense.

In response to the request for relief, the State categories Jimmy Click's motion and request for relief as a personal restraint petition. Thus, according to the State, personal restraint petition rules apply and Click must show substantial prejudice before this court grants any relief, even a remand for resentencing. The State notes that Click conceded in California court, in 1983, that he took property from Victor Reed by the threat of a knife, a dangerous or deadly weapon. Thus, the 1983 robbery conviction qualifies.

As noted in the opening paragraphs, the Washington legislature, in 2019, removed second degree robbery from the list of "most serious offenses" within Washington's POAA. Then in 2021, the legislature enacted a statute requiring resentencing when an offender has been sentenced as a persistent offender based on a conviction for second degree robbery. RCW 9.94A.647. In this personal restraint petition, Jimmy Click asserts he is entitled to resentencing because the 2004 Washington sentencing court based his persistent offender status in part on his 1985 California conviction for second degree

6

robbery. He does not contend that the court should disqualify his 1983 conviction for robbery as a strike offense.

Under the Washington POAA, all adult offenders convicted of three "most serious offenses" go to prison for life without the possibility of release. RCW 9.94A.570. Washington defines "persistent offender" as one convicted of any felony considered a "most serious offense," who had previously been convicted of two most serious offenses. RCW 9.94A.030(37). A most serious offense includes all class A felonies. RCW 9.94A.030(32)(a). First degree robbery is a class A felony. RCW 9A.56.200(2). Rape in the first degree and the second degree are class A felonies. RCW 9A.44.040(2); RCW 9A.44.050(2). The Washington statute enumerates a separate list of crimes, including second degree assault and third-degree rape, that constitutes a most serious offense. RCW 9.94A.030(32)(b) and (n). A most serious offense also includes any other felony committed with a deadly weapon. RCW 9.94A.030(32)(s).

Washington law counts another state's conviction for purposes of the POAA if the conviction compares to a Washington crime. RCW 9.94A.030(32)(t); RCW 9.94A.525(3). Washington employs a two-part analysis for determining whether an out-of-state conviction parallels a conviction in this state. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). First, the court determines whether the crimes legally jive because the elements of the out-of-state crime substantially parallel the elements of the Washington crime. *State v. Thiefault*, 160 Wn.2d 409, 415 (2007). If the

*7*

elements of the out-of-state crime extend beyond the elements of the Washington crime, the crimes do not legally compare. *In re Personal Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005). Second, if the elements of the two crimes do not match, the foreign conviction still qualifies as a strike offense if the facts of the foreign conviction fulfill the elements of the Washington crime. *State v. Thiefault*, 160 Wn.2d 409, 415 (2007). In this second step, the court considers only those facts previously admitted by the offender, to which the offender stipulates, or proved by the foreign state beyond a reasonable doubt. *State v. Davis*, 3 Wn. App. 2d 763, 772, 418 P.3d 199 (2018).

Jimmy Click now impliedly concedes that the 1983 California robbery qualified as first degree robbery in Washington State. In 1983, Washington defined robbery as follows:

> A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Former RCW 9A.56.190 (1975). A person was guilty of robbery in the first degree if, during the commission of the robbery or flight therefrom, he was armed with a deadly weapon or displayed what appeared to be a firearm or other deadly weapon. In

8

California, robbery was defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." CAL. PENAL CODE § 211.

The California crime of robbery does not legally equate to the Washington crime of robbery, even first degree robbery. California does not limit robbery to scenarios involving firearms or deadly weapons. Nevertheless, Jimmy Click's 1983 California conviction for robbery factually compares to Washington's first degree robbery crime. In his 1983 plea, Click admitted to using force or fear to take property from V.R. and admitted to using a knife during the commission of the crime. This conduct satisfies the first degree robbery statute in effect in Washington in 1983. Furthermore, the California court specifically found Click used a dangerous or deadly weapon during the commission of a crime. And because a most serious offense in Washington includes any felony committed with a deadly weapon, Click's 1983 California conviction counts as a most serious offense for sentencing under the POAA.

The State impliedly, if not expressly, concedes that Jimmy Click's 1985 foreign conviction for robbery parallels Washington's second degree robbery, not first degree robbery, crime because Click did not threaten with a deadly weapon. Thus, this court may no longer calculate the 1985 robbery into the number of most serious offenses. The State does not address the 1983 conviction for grand theft auto perhaps because the 1983 conviction for robbery arose from the same facts. The State, however, asks that we

9

review Click's 1985 California conviction for oral copulation as a most serious offense because of its purported equivalency to Washington's second degree rape offense, a Class A felony.

Because the 1985 robbery conviction does not constitute a most serious offense, we must divine whether California's crime of oral copulation by force, in 1985, equated to a Washington offense qualifying as a most serious offense. In 1985, California defined oral copulation as "the act of copulating the mouth of one person with the sexual organ or anus of another person." Former CAL. PENAL CODE § 288a (1985) (recodified as CAL. PENAL CODE § 287 by Stats. 2018, Ch. 423, Sec. 49). An accused commits oral copulation by force when an act of oral copulation is "accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." Former CAL. PENAL CODE § 288a(c) (1985) (recodified as CAL. PENAL CODE § 287 by Stats. 2018, Ch. 423, Sec. 49).

In 1985, a person committed second degree rape in Washington if he "engage[d] in sexual intercourse with another person . . . (a) by forcible compulsion; or (b) [w]hen the victim is incapable of consent by reason of being physically helpless or mentally incapacitated." Former RCW 9A.44.050 (LAWS OF 1983 ch. 118 § 2). In 1985, a person committed third degree rape in Washington when he engaged in sexual intercourse with another person and he threatened substantial unlawful harm to property rights of the victim. Former RCW 9.79.190 (LAWS OF 1979 1st Ex. Sess. ch. 244 § 3). The criminal

10

code defined "forcible compulsion" as "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnaped[sic]." Former RCW 9A.44.010 (LAWS OF 1981 ch. 123 § 1). The 1985 code also defined "sexual intercourse" as follows:

> (a) has its ordinary meaning and occurs upon any penetration, however slight, and (b) also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and (c) also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.

Former RCW 9A.44.010 (LAWS OF 1981 ch. 123 § 1).

Jimmy Click's conviction for oral copulation by force legally compares to Washington's 1985 definition of second degree rape. Oral copulation in California was defined as contact of the mouth of one person with the sexual organs or anus of another, which corresponds to Washington's definition of sexual intercourse. The California force element includes "force, violence, duress, menace, or fear of immediate and unlawful bodily injury." Washington defined forcible compulsion narrower because it includes: "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped." Compare Former CAL. PENAL

11

CODE § 288a(c) (1985) (recodified as CAL PENAL CODE § 287 by Stats. 2018, Ch. 423,

Sec. 49) with Former RCW 9A.44.010 (LAWS OF 1981 ch. 123 § 1).  The elements of the

two crimes are legally comparable, so Click's conviction for oral copulation by force is

comparable to Washington's second degree rape statute, which is a most serious offense.

Even if the California crime of oral copulation by force does not legally compare

to a Washington crime, Jimmy Click admitted facts that implicate him for second degree

rape.  Click agreed in his plea: "On or about April 4, 1985, in Orange County, I took

personal property from the person of [B.M.] and orally copulated her, both acts by means

of force or fear."  Resp. to PRP, Att. E at 4.  The admitted conduct satisfies Washington's

second degree rape statute, a most serious offense because it is a class A felony.  Under

Washington law, sexual intercourse includes oral copulation, and forcible compulsion

includes threats.  Threats to property rather than the victim's person would constitute

third degree rape, which still qualifies as a most serious offense.

Jimmy Click asks that we remand to the superior court for resentencing to

determine whether the California oral copulation conviction qualifies as a most serious

offense.  Click highlights that the 2004 superior court and the 2005 court of appeals did

not address the applicability of this 1985 conviction.  Because Click pled guilty to oral

copulation by force, his crime equates to either second degree rape or third degree rape,

both qualifying offenses.  We see no need to remand for a further determination.

If the petitioner fails to demonstrate actual and substantial prejudice or a fundamental defect, we deny the personal restraint petition. *In re Personal Restraint Petition of Perry*, 29 Wn. App. 2d 734, 745, 542 P.3d 168 (2024). Jimmy Click show no defect in his POAA sentence and no prejudice by including the 1983 California conviction for robbery in his offender score for purposes of the POAA.

CONCLUSION

We dismiss the personal restraint petition filed by Jimmy Click.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

13